## Propriety of Corporate Names

WOODWARD, Deputy Attorney General, October 30, 1940.—We have your request for an opinion, in which you inform us that the Societa' Di Mutuo Soccorso San Silvestro Abruzzo e Molise, a nonprofit corporation organized under the laws of Pennsylvania by decree of the Court of Common Pleas No. 4 of Philadelphia County, entered to no. 3398, March term, 1917, presents an application for registration of a proposed new corporate name.

You also state that the new name is "Societa' Italiana Di Mutuo Soccorso San Silvestro"; that the word "Mutuo" is in the Italian language, which translated into the English language means "mutual"; and that this word as part of the corporate name of a nonprofit corporation is proscribed by section 202 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289.

Specifically, you request to be advised whether the Department of State may grant registration as a proposed new corporate name of the title "Societa' Italiana Di Mutuo Soccorso San Silvestro," for a nonprofit corporation.

Reference to the charter discloses that "the purposes for which the corporation is formed are to encourage a social and brotherly feeling, to accumulate a fund from dues and assessments of its members to be applied for their relief when sick and to provide for their burial and that of their wives after death."

The Nonprofit Corporation Law of 1933, art. II, sec. 202, as amended by section 1 of the Act of July 17, 1935, P. L. 1130, 15 PS §2851-202, provides in part as follows:

"Section 202. The Corporate Name.—A. The corporate name may be in any language, but must be expressed in English letters or characters. The corporate name shall not imply that the corporation is an administrative agency of the Commonwealth, or of the United States, or is subject to the supervision of the Department of Banking or of the Insurance Department, and shall not contain the word . . . 'insurance,' 'mutual,' . . .".

Certain organizations are not included within the provisions of the act, as appears by reference to section 4 thereof, which provides in part as follows:

"This act does not relate to, does not affect, and does not apply to . . .

"(2) Beneficial, benevolent, fraternal and fraternal benefit societies, having a lodge system and a representative form of government, or transacting any type of insurance whatsoever. . . .

"(4) Any corporation which, by the laws of this Commonwealth is subject to the supervision of the Department of Banking, the Insurance Department, The Public Service Commission, or the Water and Power Resources Board."

As the corporation under discussion is not engaged in any of the activities mentioned, it is not excluded from the provisions of the act.

Your inquiry, therefore, resolves itself into the question of whether or not the Department of State may grant registration, as a proposed new corporate name, the title of a nonprofit corporation containing the name "Mutuo", to a corporation which used the word "Mutuo" in its corporate name prior to the Nonprofit Corporation Law of 1933.

It would seem that the prohibition of the use of the word "mutual" is based upon the fact that banking and insurance corporations are not within the scope of the Nonprofit Corporation Act: 15 PS §2851-4(2) and (3). Some others are also excluded.

This applicant is apparently either a beneficial society or a fraternal society. Yet not all of these are under the supervision of the Insurance Commissioner, as certain exemptions are set out in both the Fraternal Benefit Society Act of July 17, 1935, P. L. 1092, sec. 34, and Beneficial Society Act of June 4, 1937, P. L. 1643, sec. 13, 40 PS §§1084 and 1113.

Whether or not this particular group is a fraternal society, etc., is a question which can be determined only upon a consideration of all relevant facts, and ordinarily this question should be determined by the Department of State.

It would seem first, therefore, that the Department of State should determine if this applicant is or is not subject to the supervision of the Insurance Commissioner; that is, if it is or is not exempted. If *not* exempted it would seem change of name has to come through the Insurance Department—then on to the Department of State for recordation.

The right of a nonprofit corporation to adopt a new name is conferred by section 701 of the Nonprofit Corporation Law, which provides in part as follows:

"Amendment of Articles Authorized.—A nonprofit corporation, upon application to the court in the manner hereinafter provided in this article, may amend its articles for any or all of the following purposes:

"(1) To adopt a new name subject to the restrictions heretofore provided in this act."

One of the restrictions referred to is the prohibition of the use of the word "mutual" as part of the corporate name, as set forth in section 202 of the Nonprofit Corporation Law, above quoted.

It might be argued, inasmuch as this corporation has enjoyed the use of the word "Mutuo" since its incorporation in 1917, that the corporation has acquired property rights which should be protected, especially in view of section 5 of the act (15 PS §2851-5), which provides in part as follows:

"Section 5. Saving Clause.—A. This act shall not impair or affect any act done, offense committed, or right accruing, accrued, or acquired, or liability, duty, obligation, penalty, judgment or punishment incurred, prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted, or inflicted as fully and to the same extent as if this act had not been passed."

Under the circumstances herein set forth, it appears to us that the present corporation may amend its title as indicated; and thereby, the word "Mutuo" remains in the new corporate name.

This results from the fact that section 5, saving rights acquired before enactment of the law, is controlling and, to that extent, modifies the provisions of sections 202 and 701 of the act.

However, this applies only to corporations incorporated before the passage of the act with an objectionable word in their names; section 5 does not invest corporations, organized prior to the passage of the act which have no objectionable word in their titles, with power to amend *now* by including an objectionable word in their names.

All prior opinions on this subject inconsistent herewith are hereby overruled.

We are of the opinion, therefore, and you are accordingly advised, that a corporation which had, prior to the

enactment of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, a title which included one of the words prohibited by section 202 of that law, may amend its title, and in the new title continue to use the objectionable word.